**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

MIGUEL ARAGON-CONCHA,

  Defendant - Appellant.

No. 10-3232
(D. Ct. No. 10-CR-10007-001-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant-appellant Miguel Aragon-Concha, a native and citizen of

Mexico, pleaded guilty to one count of re-entry after deportation subsequent to a

conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(b)(2). He was sentenced to 70 months' imprisonment. Mr. Aragon-Concha now appeals his sentence. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On May 7, 2010, Mr. Aragon-Concha pleaded guilty, pursuant to a plea agreement, to one count of re-entry after deportation subsequent to a conviction for an aggravated felony. The United States Probation Office prepared a Presentence Investigation Report ("PSR") which determined that under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Mr. Aragon-Concha's total offense level was 21 and his criminal history category was V. Based on these calculations, the PSR recommended a sentencing range of 70 to 87 months' imprisonment. Mr. Aragon-Concha filed several objections to the PSR and requested a downward departure based on his alleged cultural assimilation as well as a variance under the 18 U.S.C. § 3553(a) factors.

At the sentencing hearing, the district court denied Mr. Aragon-Concha's requests for a downward departure and variance. In a subsequent sentencing memorandum and order, the court more fully explained its reasoning for both denials. The court noted that the provision allowing for a departure based upon cultural assimilation was merely a proposed amendment and was not yet part of the Guidelines. Moreover, the court concluded that even if the provision were in effect, Mr. Aragon-Concha "d[id] not qualify for this departure" because of his extensive criminal history. Additionally, the district court denied the requested

variance because after considering the § 3553 factors, it found that "a sentence of 70 months, which represents the low end of the guideline range, is an appropriate sentence in this case."

On appeal, Mr. Aragon-Concha contends that the district court improperly denied his requests for a downward departure and a variance. We review sentencing decisions for an abuse of discretion, asking whether the sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 41 (2007).

## II.  DISCUSSION

First, Mr. Aragon-Concha argues that the district court erred in denying his request for a downward departure based on cultural assimilation. He contends that district court was required to announce the three-part test outlined in then-proposed amendment U.S.S.G. § 2L1.2 Application Note 8 at sentencing, as well as to analyze independently in its written order each of the seven factors set forth in the proposed amendment.

As Mr. Aragon-Concha concedes, however, the provision allowing for the departure at issue was not in effect at the time of his sentencing. Accordingly, the district court did not err by failing to apply it. *See* U.S.S.G. § 1B1.11. Moreover, the district court did not abuse its discretion in concluding that Mr. Aragon-Concha's extensive criminal history—which includes convictions for evading arrests and reckless driving, terroristic threat, aggravated assault, unauthorized use of a motor vehicle, distribution of cocaine, and possession with

the intent to distribute—also precluded application of the departure provision. *See* U.S.S.G. § 2L1.2, cmt. n.8 ("In determining whether such a departure is appropriate, the court should consider, among other things, . . . the seriousness of the defendant's criminal history . . . .").

Second, Mr. Aragon-Concha maintains that the district court erred in refusing to grant a variance because "all of the § 3553 factors should be viewed through the cultural assimilation filter advanced in his argument for a downward departure." It is well-settled law, however, that "the district court has a wide range of discretion in striking a balance among the 18 U.S.C. § 3553(a) factors," *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008), and that when—as is the case here—the sentence imposed falls within the correctly calculated Guidelines range, it is presumed to be reasonable on appeal. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Mr. Aragon-Concha has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence. Indeed, based on Mr. Aragon-Concha's substantial criminal history, the district court's conclusion that the need to protect the public outweighed any unique circumstances of his case is a thoroughly reasonable balancing of the § 3553(a) factors.

### III.  CONCLUSION

For the foregoing reasons, we find that the district court did not err in sentencing Mr. Aragon-Concha and AFFIRM his sentence.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Senior Circuit Judge